UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON BAXTER,

                                Plaintiff,

                                v.

JOSEPH E. BRADLEY,

                                Defendant.
_____

DECISION AND ORDER

19-CV-6105L

       Plaintiff Jason Baxter, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this *pro se* civil rights action on February 6, 2019.  The amended complaint asserts two claims under 42 U.S.C. § 1983 against a single defendant, Correction Captain Joseph E. Bradley.

       On May 10, 2021, plaintiff requested the Clerk of the Court to enter default based on Bradley's failure to plead or otherwise defend as required by law.  Default was entered on May 11, 2021.  (Dkt. #23.)

       On June 2, 2021, Bradley, through counsel, filed a motion to vacate the default.  (Dkt. #25.)  In support of the motion, Bradley's attorney, Assistant Attorney General Hillel Deutsch, has submitted a declaration (Dkt. #25-1) explaining that Bradley twice sent letters to the Office of the Attorney General ("AG") in Rochester, N.Y. requesting representation, but for unknown reasons the AG's office has no record of them being received.   Deutsch has submitted copies of those letters, which were presumably obtained from Bradley.  Deutsch Decl. Ex. A.

Deutsch goes on to explain that having mailed those letters, Bradley assumed that was represented by counsel and that he need do nothing further. It was only after receiving notice of the entry of default that Bradley realized something was amiss, whereupon he contacted the AG's office. It was soon discovered that Bradley's failure to respond was based on the mixup concerning his request for representation, and Deutsch was assigned to the case.

Plaintiff has filed a response to the motion to vacate (Dkt. #27), in which he asserts that Bradley did not request representation from the AG's office, and that the letters purporting to show that he did are fraudulent.

## DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend ..., the clerk must enter the party's default." Entry of default is mandatory, not discretionary. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

Once default has been entered, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." The standard for good cause "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

Having weighed those factors here, the Court finds that the default should be set aside. Although the facts surrounding Bradley's request for representation by the AG's office are not entirely clear, the default here does not appear to have been willful. In addition, as explained in

defendant's memorandum of law (Dkt. #25-2), there appears to be a meritorious defense to plaintiff's claims.[1] I also see no prejudice to plaintiff if the default is vacated. His claims relate to a hearing that was held in 2018. Bradley's responsive pleading was due on March 30, 2021. The relatively brief delay occasioned by the default will not significantly affect plaintiff's ability to prosecute this case. Setting aside the default is also in keeping with the Second Circuit's strong preference for deciding cases on the merits, rather than by default. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

## CONCLUSION

Defendant's motion to vacate the Clerk's entry of default (Dkt. #25) is granted, and the Clerk is hereby directed to vacate the default entered on May 11, 2021 (Dkt. #23). Defendant is directed to file and serve his response to plaintiff's complaint within twenty (20) days of the date of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 13, 2021.

---

[1] While the Court need not now delve into the details of the defense, defendant asserts that plaintiff suffered no adverse consequences as a result of the deprivations of due process alleged in the complaint.