UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON BAXTER,

                                    Plaintiff,

    v.

JOSEPH E. BRADLEY,

                                    Defendant.
_____

ORDER

19-CV-6105L

       Plaintiff Jason Baxter, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this *pro se* civil rights action on February 6, 2019. The amended complaint asserts two claims under 42 U.S.C. § 1983 against a single defendant, Correction Captain Joseph E. Bradley. Both claims allege due process violations in connection with a February 5, 2018 disciplinary hearing at which Bradley was the hearing officer.[1]

       Bradley has filed a motion for summary judgment in lieu of an answer. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted, and the complaint is dismissed.[2]

---

[1] The amended complaint gives a date of February 5, 2018 for the first claim, and February 5, 2019 for the second claim, but both claims arise out of the same hearing. Dkt. #4 at 5. As explained below, it is clear that the correct date is February 5, 2018.

[2] On July 13, 2021, the Court issued a Decision and Order (Dkt. #29) granting defendant's motion to vacate the Clerk's entry of default. Plaintiff filed a notice of interlocutory appeal from that order on July 21, 2021 (Dkt. #31).

     "The rule in the Second Circuit is that an appeal from a nonappealable order does not divest the District Court of jurisdiction." *Holmes v. NBC/GE*, 168 F.R.D. 481, 482 (S.D.N.Y. 1996) (citing *Leonhard v. United States*, 633 F.2d 599, 609-10 (2d Cir. 1980)), *aff'd*, 133 F.3d 907 (2d Cir. 1997). *See, e.g.*, *Wang v. New York*, No. 18-CV-2154, 2018 WL 3094939, n.2 (E.D.N.Y. June 21, 2018); *Marrero v. Kirkpatrick*, No. 08-CV-6237, 2010 WL

**DISCUSSION**

Federal Rule of Civil Procedure 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Although summary judgment is generally not appropriate until after some discovery has occurred in a case, ... a motion for summary judgment in lieu of an answer is appropriate where the facts are undisputed and no amount of discovery would change the outcome." *Smith v. United States Dep't of Justice*, No. 18-CV-03371, 2021 WL 2480412, at *3 (S.D.N.Y. June 17, 2021) (citing *Green v. Harris*, 309 F.Supp.3d 10, 12 (W.D.N.Y. 2018)); *see also Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003) (procedurally proper to move for summary judgment in lieu of an answer).

Where, as here, a *pro se* litigant fails to oppose a motion for summary judgment, the motion may be granted as unopposed only "if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *McNair v. Ponte*, No. 17-CV-02976, 2020 WL 3402815, at *3 (S.D.N.Y. June 18, 2020) (quoting *Warren v. Chem. Bank*, No. 96-CV-06075, 1999 WL 1256249, at *2 (S.D.N.Y. Dec. 22, 1999)).

---

335354, n.1 (W.D.N.Y. Jan. 29, 2010). In addition, even properly taken interlocutory appeals do not divest the district court of jurisdiction over matters not involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989); *City of N.Y. v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 50 (E.D.N.Y. 2006).

Because this Court's Decision and Order vacating the entry of default is non-appealable, *see Joseph v. Office of Consulate Gen'l of Nigeria*, 830 F.2d 1018, 1028 (9th Cir. 1987) ("A district court's grant of a motion to set aside a default judgment is not an appealable final order"); *Clark v. Barksdale*, 798 F.2d 468 (6th Cir. 1986) (same), and because the matters raised in plaintiff's (improper) appeal are wholly collateral to those raised in Baxter's present motion, this Court has jurisdiction to decide the motion.

In the case at bar, plaintiff was put on notice of his obligation to respond to defendant's motion and the consequences of failing to do so, both by defendant (Dkt. #30-2) and by the Court (Dkt. #33). The Court may therefore proceed to consider the motion, accepting the truth of the matters asserted by defendant. Those facts are clear, and they establish both that defendant's motion is properly brought and that Baxter is entitled to summary judgment.

In a nutshell, the records submitted by defendant (Dkt. #30-3) show that on February 5, 2018, a hearing was held before Baxter on a misbehavior charge issued against plaintiff. At that time, plaintiff was confined to the Special Housing Unit ("SHU"), pursuant to a sentence on a prior, unrelated charge.

Baxter found plaintiff guilty, and sentenced him to 180 days in SHU. On plaintiff's administrative appeal, Baxter's determination was reversed, and a rehearing was ordered. A second hearing was conducted on April 30, 2018, plaintiff was again found guilty, and he was sentenced to 120 days in SHU. Plaintiff began serving that sentence on May 2, 2018, when his sentence on the abovementioned prior charge expired.

In other words, plaintiff never served a single day in SHU as a result of the February 5 hearing and guilty finding. All of his SHU time was the result of the prior, unrelated sentence and the 120-day sentence he received pursuant to the rehearing.

This Court addressed a similar set of circumstances in *Allah v. Ryan*, 436 F.Supp.3d 621 (W.D.N.Y. 2020). In that case, the inmate asserted a due process claim relating to a May 2013 disciplinary hearing. As here, the hearing officer's disposition was reversed on appeal. The proof showed, however, that plaintiff had already been sentenced on other, unrelated charges to more SHU time than he could possibly serve, so that "the SHU sentence imposed as a result of

that [May 2013] hearing had no practical effect." *Id.* at 630.  In granting the defendants' motion for summary judgment, this Court stated, "There is thus no evidence that plaintiff ever served any SHU time or suffered other adverse consequences as a result of the May 2013 hearing. Absent some concrete harm, plaintiff has no due process claim." *Id.*

The same reasoning applies here.  This is not a case in which a prisoner's sentence was reversed *after* he served all or part of a sentence.  At the time the February 5 sentence was reversed, plaintiff was still serving his prior, unrelated sentence.  Since plaintiff can show no harm occasioned by the February 5 hearing and sentence, there is no basis for a due process claim.

## CONCLUSION

Defendant's motion for summary judgment (Dkt. #30) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 7, 2021.